872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur FRANKLIN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3892.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Arthur Franklin, a pro se federal prisoner, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Franklin pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846 (count 1); he also pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(c) (count 5). He was sentenced to two concurrent ten year terms, followed by a three year special parole term. A fifty dollar fine was also imposed on both counts pursuant to 18 U.S.C. Sec. 3013. In this motion, Franklin raised the following claims challenging the validity of his guilty plea: 1) he was not informed of the direct consequences of his plea; 2) he was not informed of the mandatory special parole term; 3) the court did not establish a factual basis for the plea as required by Fed.R.Crim.P. 11(F); 4) he was not informed of his right to appeal as required by Fed.R.Crim.P. 32(a)(2); 5) his double jeopardy rights were violated; 6) he received ineffective assistance of counsel; and, 7) the indictment was defective. The district court denied the motion finding that none of the claims warranted relief.
 
 
 3
 A valid guilty plea must be knowingly, intelligently and voluntarily entered. See Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Voluntariness depends upon a full understanding of the direct consequences of the guilty plea. See Machibroda v. United States, 368 U.S. 487, 493 (1972); Armstrong v. Egeler, 563 F.2d 796, 799 (6th Cir.1977).
 
 
 4
 Upon review, we affirm the district court's judgment as Franklin's plea was entered voluntarily with a full understanding of the consequences of his plea.
 
 
 5
 First, Franklin claimed that he was not informed that a conviction under 21 U.S.C. Secs. 841(a)(1) and (b)(1)(c) (count 5) carried a maximum forty year non-parolable sentence. This claim is meritless. Review of the plea transcript indicates that during the plea proceeding the prosecution stated, in response to the court's inquiry, that Franklin could receive a maximum twenty year sentence on both counts for a total of forty years. Moreover, Franklin is mistaken in his belief that his conviction under count five is non-parolable. The non-parole provision applies only if death or serious injury is a result of the criminal activity. Review of the indictment reveals that count five did not charge either death or serious injury. Thus, Franklin's sentence is parolable.
 
 
 6
 Next, Franklin argued that his plea was involuntary because he was not informed of the mandatory three year special parole term as required by Fed.R.Crim.P. 11(c)(1). Review of the transcripts indicates that Franklin is correct; he was not informed of the special parole term either during the plea proceeding or at sentencing. This omission however does not vitiate Franklin's plea because he has suffered no prejudice. The plea agreement recited a maximum fourteen year cap on sentencing. Thus, even with the three year parole term added onto the ten year sentence, Franklin has still received the benefit of his bargain because the total term of supervision (thirteen years) did not exceed what was promised by the government in the plea agreement (fourteen years). Because the addition of the parole term did not result in a significantly longer sentence, we conclude that the court's failure to inform Franklin of the special parole term constituted harmless error under Fed.R.Crim.P. 11(h). See United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Walsh, 733 F.2d 31, 33-34 (6th Cir.1984).
 
 
 7
 There is also no merit to Franklin's allegation that there was not a factual basis for the plea as the prosecution went into specific detail as to what evidence it would produce at trial; Franklin then stated that he had no disagreement with the government's factual recitation. Furthermore, the district court did not violate Fed.R.Crim.P. 32(a)(2) because the court had no duty to inform a defendant of a right to appeal following a guilty plea. Moreover, the court did inform Franklin that he could withdraw his plea if it decided not to accept the plea agreement.
 
 
 8
 Next, Franklin argued that his double jeopardy rights were violated because the sentences imposed were not concurrent due to the fact that a fifty dollar fine was imposed upon both counts. This claim is meritless as it was perfectly proper to impose fines on both counts because conspiracy to commit an offense is a separate and distinct crime from commission of the substantive offense. See United States v. Allen, 797 F.2d 1395, 1402 (7th Cir.), cert. denied, 479 U.S. 856 (1986); United States v. Lupino, 480 F.2d 720, 724 (8th Cir.), cert. denied, 414 U.S. 924 (1973).
 
 
 9
 Franklin also alleged that he received ineffective assistance of counsel because counsel did not inform him that the maximum penalty under 21 U.S.C. Sec. 841(b)(1)(c) was a forty year non-parolable sentence. Franklin has failed to show ineffective assistance of counsel because counsel's performance was not deficient. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). Counsel was not required to tell Franlin that his sentence would be non-parolable. In fact, to have done so would have been error. Moreover, even if counsel did not inform Franklin of the maximum sentence he suffered no prejudice because he knew, before entering his plea, that he was facing a forty year sentence.
 
 
 10
 Franklin also argued that counsel's performance was deficient for not challenging the sufficiency of the indictment because count five was defective as it omitted an essential element of the crime, namely, that the amount of the cocaine exceeded 500 grams. This claim is meritless as prosecution under 21 U.S.C. Secs. 841(a)(1) and (b)(1)(c) does not require proof of the amount of narcotics involved. Consequently, counsel was not required to challenge the sufficiency of the indictment.
 
 
 11
 Finally, because counsel rendered competent assistance, Franklin may not collaterally attack the sufficiency of the indictment. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); McMann v. Richardson, 397 U.S. 759, 772 (1970).
 
 
 12
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.