UNITED STATES of America,
Respondent-Appellee,

v.

Gregory James WALSH,
Petitioner-Appellant.

No. 82–1595.

United States Court of Appeals,
Sixth Circuit.

Argued March 7, 1984.

Decided April 24, 1984.

Robert E. Edick (argued), Dearborn, Mich., Gregory James Walsh, El Toro, Cal., for petitioner-appellant.

Leonard R. Gilman, U.S. Atty., James G. Genco, Joel Shere (argued) Asst. U.S. Atty., Detroit, Mich., for respondent-appellee.

Before MARTIN, Circuit Judge, and PHILLIPS and CELEBREZZE, Senior Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Petitioner, Gregory J. Walsh, appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255.

On November 19, 1980, Walsh was indicted on charges of illegally importing a firearm and marijuana into the United States. 18 U.S.C. § 922 and 21 U.S.C. § 952(a) and 960(a)(1), (b)(2). After negotiations with an Assistant United States Attorney, Walsh entered into a Rule 11 Plea Agreement. Under the terms of the agreement, Walsh would plead guilty to the marijuana charge in exchange for an eighteen-month limit on any term of imprisonment and dismissal of

the firearm charge.[1] Due to an unexplained oversight, Walsh's plea agreement erroneously stated that the statutorily mandated special parole term of 21 U.S.C. § 960(b)(2) was inapplicable to Walsh's conviction.

On January 23, 1981, United States District Judge Ralph Freeman accepted Walsh's guilty plea in accordance with the terms of the Rule 11 agreement. Judge Freeman did not, however, advise Walsh of the mandatory special parole term required under section 960(b)(2) in the event imprisonment was imposed. The government concedes that Walsh was not aware of this special parole requirement at the time of his guilty plea and also concedes that the district court's failure to inform Walsh about the requirement violated Rule 11(c)(1) of the Fed.R.Crim.P. The government further acknowledges that Walsh's court-appointed attorney originally incorrectly advised Walsh that the special parole provision did not apply to his conviction. Walsh first became aware of the special parole term on February 5, 1981, when his attorney informed him of its applicability.

On March 26, Walsh was sentenced by Judge Freeman to eighteen months imprisonment and a special parole term of two years, as required by section 960(b)(2). At the sentencing hearing, neither Walsh nor his attorney made a request to withdraw his guilty plea, or raised any objections to Judge Freeman's sentence.[2] Walsh did not appeal his conviction or sentence. On October 7, 1981, he filed this habeas petition to vacate or correct his sentence.[3]

The district court found, and the government argues, that although a "technical"

or "formal" violation of Rule 11 of the Fed.R.Crim.P. occurred, relief under section 2255 is only available where a defendant can show actual prejudice as a result of the asserted error of law. Relying on the "complete miscarriage of justice" standard articulated in *United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) and *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), the district court concluded that a "complete miscarriage of justice" had not occurred here.

> Considering all the circumstances surrounding the guilty plea and sentencing of Walsh, especially his knowledge prior to sentencing that a special parole term would be applied and that he knew he had an opportunity to bring his objections to the special parole term to the attention of the Court prior to his sentencing, the Court concludes that "a complete miscarriage of justice" has not occurred. Defendant's motion to vacate or modify his sentence is, therefore, denied.

*United States v. Walsh*, No. 80–80606, slip op. at 5–6 (E.D.Mich. July 26, 1982).

Initially, it would appear that *United States v. Timmreck, supra,* would control here. There the Supreme Court held that collateral relief under 28 U.S.C. § 2255 is not available to a federal prisoner for technical violations of Rule 11 during plea procedures. In *Timmreck,* the defendant agreed to plead guilty to drug charges in exchange for the government's agreement to drop other charges. At the defendant's arraignment the district court explained to Timmreck that he could receive a sentence of fifteen years imprisonment and a $25,000 fine, but failed to inform him about the

---

**1.** Conviction of illegally importing marijuana into the United States carries a maximum penalty of five years imprisonment, $15,000 fine, and a mandatory minimum special parole term of two years. 21 U.S.C. § 960(b)(2).

**2.** In their briefs, the parties contest whether Walsh was given an adequate opportunity to address Judge Freeman at his sentencing hearing. After conducting an evidentiary hearing upon the submission of Walsh's habeas petition, the United States Magistrate found that Walsh

did not raise the matter of his special parole term at his sentencing hearing, even though directly asked by Judge Freeman prior to the imposition of sentencing if he had anything to say.

**3.** At oral argument of this appeal, the court was advised that Walsh has been released from prison and is presently serving his special parole term. His parole term is scheduled to end on April 6, 1984.

mandatory special parole term of at least three years required by the applicable statute. The district court accepted Timmreck's guilty plea, and at a later hearing, sentenced him to ten years imprisonment plus a special parole term of five years, and a fine of $5,000.

Like the defendant here, Timmreck did not object to his sentence and did not take an appeal from his conviction. After this court reversed the district court's denial of Timmreck's habeas petition, a unanimous Supreme Court reversed and ruled that collateral relief would not be available in Timmreck's case because the Rule 11 violation did not result in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087, quoting *Hill v. United States, supra.* It is important to note, however, that the Supreme Court specifically observed that the defendant in *Timmreck* did not "argue that he was actually unaware of the special parole term, or that, if he had been properly advised by the trial judge, he would not have pleaded guilty," which is the precise argument of the defendant here. *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087. Also, unlike the situation here, *Timmreck* did not involve a criminal defendant who pled guilty in exchange for a specific sentence, or received a sentence longer than he bargained for.

In *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir.1977), decided prior to *Timmreck*, it was held that the failure to inform a state criminal defendant of a mandatory parole term that accompanied his negotiated prison sentence violated Due Process. Baker had pled guilty to two criminal charges pursuant to a plea bargain ratified and accepted by the trial court. Baker had been told he would receive a sentence of one to two years in prison, although he was never informed about a mandatory two-year parole term. On appeal the Seventh Circuit found that Baker had been prejudiced by the trial court's failure to inform about the mandatory parole term.

The correct test to be used in determining whether the circumstances surrounding Baker's negotiated guilty plea violated the Due Process Clause is that the plea must withstand collateral attack unless the sentence actually imposed upon Baker significantly differed from the sentence which the prosecutor and the trial court promised him. We can grant Baker a writ of habeas corpus only if the two year mandatory parole term constituted a substantial addition to the one to two year prison term that he was told he would receive.

*Baker*, 551 F.2d at 183. Applying this test, the Seventh Circuit held that the mandatory parole term constituted a substantial addition to the one to two years imprisonment Baker was promised and therefore he had been denied the benefit of his plea bargain in violation of Due Process. *Id.* at 184.

The rationale of the *Baker* decision has been reaffirmed since the Supreme Court's ruling in *Timmreck*. *See United States ex rel. Johnson v. DeRobertis*, 718 F.2d 209 (7th Cir.1983); *United States ex rel. Williams v. Morris*, 633 F.2d 71 (7th Cir.1980), *vacated sub nom. Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982); *see also United States v. Baylin*, 696 F.2d 1030, 1037 n. 17 (3d Cir.1982) (rule of *Timmreck* not dispositive where defendant alleges he received a sentence longer than he bargained for). In both *Johnson, supra,* and *Williams, supra,* state criminal defendants agreed to plead guilty in exchange for specific sentences that were later ratified and accepted by their trial court judges. In each case, the defendants were not informed that mandatory parole terms were applicable to their convictions. This failure to inform resulted in the defendants receiving sentences significantly longer than the sentence which the prosecutor and the trial court had promised. As explained by the *Williams* court, the rationale of *Timmreck* was inapplicable to these cases:

We think it plain ... that the holding in *Baker* is in no way inconsistent with that of *Timmreck*. Unlike *Timmreck*,

*Baker* involved not merely a technical violation of proper procedure but a complete failure to inform the defendant at any time that he would in fact be in the custody of the state for a period of three to four years (including parole) rather than the one to two years he had been promised. Moreover, unlike Timmreck, whose combined prison and parole terms were within the maximum penalty he had been warned he could receive and who had never been promised less than the maximum, Baker was prejudiced in that he received a sentence calling for two years of custody (on parole) more than he had bargained for. In short, the two cases are not only not "on all fours" as the State acknowledges, but wholly different. We therefore find no cause to reexamine the decision in *Baker*.

*Williams*, 633 F.2d at 75.

■ We find the reasoning of the Seventh Circuit to be persuasive. Here, the factual scenario better parallels the situations presented in *Baker, Johnson*, and *Williams*, than the situation involved in *Timmreck*. Walsh agreed to plead guilty to the marijuana charge in exchange for an eighteen-month limit on any term of imprisonment and dismissal of the firearms charge. It is undisputed that Walsh was unaware of the applicability of the mandatory parole *at the time he pled guilty*. Neither his attorney, the prosecutor, nor the trial judge informed him of the requirements of the special parole provision. Thus, unlike the situation in *Timmreck*, Walsh agreed to plead guilty in exchange for a specific sentence *and* dismissal of the firearms charge; Timmreck pled guilty only in exchange for the dismissal of other charges. More importantly, unlike Timmreck, whose combined prison and parole terms did not exceed the maximum punishment he had been warned he could receive, and who had never been promised less than the maximum, Walsh was promised a specific sentence which expressly excluded any reference to a mandatory parole requirement. When Judge Freeman imposed the two-year parole requirement Walsh suffered identifiable prejudice be-

cause the sentence imposed exceeded the maximum sentence he was promised he would receive. *Compare Williams, supra*, 633 F.2d at 76 *with McCrae v. United States*, 540 F.2d 943, 946 (8th Cir.1976); *Bachner v. United States*, 517 F.2d 589, 597 (7th Cir.1975) (failure to inform defendant of mandatory parole not constitutional error where actual sentence imposed was "substantially below the maximum he had been told he could receive.") Therefore, the imposition of the two-year parole term constituted a "substantial addition" to the maximum term of eighteen months imprisonment Walsh was promised. *Williams*, 633 F.2d at 75.

■ Although we adopt the rationale of the Seventh Circuit and find that the imposition of a two-year parole term to Walsh's sentence constituted a substantial addition to his term of imprisonment, and thus vitiated the voluntariness of his plea, *see Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *rev'd on confession of error on other grounds*, 356 U.S. 26 (1958) (defendant must be "fully aware of the direct consequences" of his plea in order for plea to be considered voluntary); *McCarthy v. United States*, 394 U.S. 459, 465–71, 89 S.Ct. 1166, 1170–73, 22 L.Ed.2d 418 (1969); *Brown v. Perini*, 718 F.2d 784, 786–88 (6th Cir.1983); *United States v. Stanton*, 703 F.2d 974, 975 (6th Cir.1983), we nevertheless believe that the district court's conclusion in these proceedings was correct because of Walsh's failure to object to the voluntariness of his guilty plea prior to the imposition of his sentence. As noted, Judge Freeman accepted Walsh's guilty plea on January 23. On February 5, Walsh was advised by his attorney of the applicability of the mandatory parole term to his conviction. However, Walsh was not sentenced until March 26, six weeks after he had become aware of the special parole requirement. Inexplicably, Walsh failed to notify the trial court of the defect in his plea agreement, even though six weeks elapsed between the

time Walsh first became aware of the defect and the time of his sentencing hearing. Under Rule 32(d) of the Fed.R.Crim.P., Walsh could have made a motion to withdraw his guilty plea prior to the imposition of sentence. Nor has Walsh explained why he chose to remain silent at his sentencing hearing. Obviously he was then aware of a substantial change in a part of his agreement with the United States. Nor did Walsh raise the issue in a direct appeal to this court. *Cf. United States v. Stanton, supra,* 703 F.2d at 975, (defendant notified trial court of Rule 11 violation in a timely manner, and took direct appeal after trial court rejected his claim of error). In light of these facts, we are unwilling to allow collateral attack "to service for an appeal." *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947). Therefore, we find that Walsh's failure to object to the validity of his plea agreement in a timely manner precludes the granting of habeas relief.

Accordingly, the judgment of the district court is affirmed.