909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Archie Leon COUCH, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1158.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN F. NORRIS, Circuit Judges, and JAMES D. TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Archie Leon Couch, Jr., a pro se federal prisoner, appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 4
 Couch challenged his sentence of 42 months incarceration and three years of supervisory release, imposed following his guilty plea pursuant to a Fed.R.Crim.P. 11 plea agreement to a charge of distribution of heroin in violation of 21 U.S.C. Sec. 841. He alleged: (1) that the imposition of the three year period of supervised release violated the plea agreement; (2) that his guilty plea was entered without an understanding of the nature of the charges or the consequences of the plea; and (3) that his trial counsel was ineffective.
 
 
 5
 After reviewing the files and record, the district court found that Couch's claims were contradicted by the record and dismissed the case. Couch has filed a timely appeal, raising the same issues which were before the district court. In addition, he has also filed a motion for the appointment of counsel.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's opinion and order of November 22, 1989.
 
 
 7
 The record contradicts Couch's assertions of error. At the time he entered his guilty plea, Couch was well aware that his sentence would include a three year period of supervisory release. Moreover, his failure to object to such supervisory release prevents him from obtaining habeas relief. See United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).
 
 
 8
 Further, the record reflects that Couch's guilty plea was entered with a full understanding of the nature of the charges against him and the direct consequences of the plea. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 9
 Couch's trial counsel did not render ineffective assistance in his representation of Couch. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 10
 Accordingly, the motion for counsel is denied; and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation