948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest L. CITRON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-1698, 91-1701.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Ernest Citron, an attorney and federal prisoner who is represented by counsel, appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. Both he and his attorney filed separate notices of appeal of the district court's order, and these two cases have been consolidated on appeal. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Citron pleaded guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 for which he was sentenced to a term of three years in prison to be served consecutively with a state sentence he was then serving. In addition, a fifty dollar ($50) felony special assessment fee was imposed.
 
 
 3
 Citron filed a direct criminal appeal which was dismissed by this court for lack of jurisdiction. He then filed a motion to reduce his sentence in the district court which was denied both on the merits and as untimely.
 
 
 4
 Citron later filed his § 2255 motion to vacate his sentence alleging: 1) that the district court erred in taking his guilty plea and sentencing him because it failed to follow the mandatory procedures set forth in Fed.R.Crim.P. 11; 2) that the court did not make a sufficient inquiry to determine if there was a factual basis for the plea; and 3) that his counsel's representation was ineffective. The district court denied his motion to vacate his sentence as without merit.
 
 
 5
 On appeal, Citron abandons his ineffective assistance of counsel claim but reasserts his other grounds for relief. He has filed a motion for appointment of counsel. Both parties have filed briefs. Upon review, we affirm the district court's judgment.
 
 
 6
 A review of the August 12, 1987 and October 28, 1987 plea and sentencing hearing transcripts shows that the district court did not violate Rule 11 in taking Citron's plea and in sentencing him. Furthermore, § 2255 relief is not available for technical violations of Rule 11 which do not result in a complete miscarriage of justice or deny the petitioner the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 783-84 (1979). In addition, the transcripts show that there was a sufficient factual basis to support his guilty plea, which was discussed in detail at the hearings.
 
 
 7
 Finally, Citron's federal claims have been waived. Although not addressed by the district court, Citron is barred from asserting his federal claims because he did not assert these claims on direct appeal and he has not shown cause and prejudice for his failure to do so and no excuse for his failure to do so is otherwise apparent from the record. See United States v. Frady, 456 U.S. 152, 167-69 (1982). The Frady cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding. Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984).
 
 
 8
 Citron's ineffective assistance of counsel claim has been abandoned on appeal and is not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Accordingly, Citron's motion for the appointment of counsel is granted to allow his attorney to be reimbursed for his expenses under the Criminal Justice Act. The judgment of the district court denying Citron's motion to vacate his sentence, however, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.