976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Leonard CITRON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1401.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Ernest Leonard Citron, a pro se federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1987, Citron pled guilty to conspiracy to possess cocaine with the intent to distribute for which he received a three year sentence. In his motion to vacate, Citron alleged that the district court did not comply with Fed.R.Crim.P. 11 when it accepted his guilty plea and that his attorney was ineffective by not objecting to the Rule 11 violations at the time his plea was entered. Upon de novo review of the magistrate judge's report and recommendation in light of Citron's objections, the district court dismissed the petition as without merit. In his timely appeal, Citron raises the same issues that he presented to the district court. He requests leave to proceed in forma pauperis, the appointment of counsel, copies of the district court record, and oral argument.
 
 
 3
 Upon de novo review, we conclude that Citron has failed to establish the denial of a substantive right or defect in the proceedings which is inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 4
 Citron is barred from asserting his federal claims because he did not raise these claims on direct appeal and he has not shown cause and prejudice for his failure to do so and no excuse for his failure to do so is otherwise apparent from the record. See United States v. Frady, 456 U.S. 152, 167-69 (1982). The Frady cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding. See Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984). Finally, Citron's counsel rendered effective assistance. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 5
 Accordingly, we grant leave to proceed in forma pauperis for the purposes of this appeal only, deny the remaining requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.