980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher BOTELLO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1859.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Christopher Botello, a pro se federal prisoner, appeals the district court's judgment denying his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Botello was named in five counts of a twelve-count superseding indictment charging that Botello and thirteen codefendants conspired to distribute heroin and cocaine between June 1988 and February 6, 1990. The government filed a "Notice of Enhanced Penalties," which informed the defendants of its intent to present evidence that the conspiracy comprising count 1 involved one kilogram or more of heroin. On July 9, 1990, Botello pleaded guilty to count 1, pursuant to a Rule 11 Plea Agreement. Following a hearing to resolve the disputed issue of drug quantity, the district court found that Botello was responsible for one to three kilograms and sentenced him to 120 months imprisonment and 5 years supervised release. Counts 8-11, in which Botello was also named, were dismissed. Botello's sentence equalled the mandatory minimum sentence set by 21 U.S.C. § 841(b)(1)(A)(i) for conspiracies involving at least one kilogram of heroin, and also fell within the guidelines sentencing range for his total offense level of 30 and criminal history category of II. There was no direct appeal.
 
 
 4
 In his motion to vacate, Botello presented two grounds for relief: (1) the district court illegally enhanced his sentence and placed him in an incorrect criminal history category, and (2) the district court incorrectly calculated his base offense level. In an amendment to his motion, Botello claimed that the presentence investigation report erroneously stated his criminal history category as II.
 
 
 5
 In a report filed January 10, 1992, a magistrate judge recommended that Botello's motion to vacate be denied. He found that Botello had waived his right to appeal his sentencing issues by not raising them on direct appeal and failed to show cause and prejudice for his omission. The magistrate judge further found that the issues raised were meritless and that Botello was sentenced to the minimum sentence allowable for the offense to which he pleaded guilty. Botello filed timely objections, but the district court adopted the magistrate judge's findings and conclusions in an order filed June 26, 1992, and denied Botello's § 2255 motion.
 
 
 6
 On appeal, Botello argues that the district court erred in finding him responsible for over one kilogram of heroin, and that he did not knowingly or voluntarily waive his right to collaterally attack his sentence.
 
 
 7
 Upon review, we affirm the district court's judgment because Botello has not established a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 The magistrate judge did not err in concluding that Botello had waived his sentencing issues by not raising them on direct appeal. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). In any event the issues are meritless.
 
 
 9
 Botello's sentence was imposed pursuant to 21 U.S.C. § 841(b)(1)(A)(i), which provides that where over one kilogram of heroin (or an equivalent amount of other drugs) is involved, the court must impose a prison sentence of at least 10 years. Once the trial court has established a quantity greater than one kilogram, it must apply the mandatory minimum; the court has no discretion to do otherwise. See United States v. Hodges, 935 F.2d 766, 772 (6th Cir.1991). The district court's finding that Botello was responsible for over one kilogram of heroin is not clearly erroneous. See United States v. Moreno, 899 F.2d 465, 470 (6th Cir.1990).
 
 
 10
 Accordingly, the district court's judgment, filed June 26, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation