986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lamarr WHITE, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1879.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1993.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Robert Lamarr White, Jr., pleaded guilty to possession of stolen mail, in violation of 18 U.S.C. § 1708, and to forging endorsements on United States Treasury checks, in violation of 18 U.S.C. § 510. He was sentenced to six months imprisonment on the possession of stolen mail count and three years probation on the forgery count to begin on his release from the custody sentence. Subsequently, White began to serve his term of probation on November 10, 1989; however, he was arrested for violating the terms of the probation on December 31, 1991. At the probation revocation hearing, while represented by counsel, White admitted to violating the terms of his probation by missing multiple drug counseling sessions and by testing positive for use of various narcotics during his probation. Thereupon, the district court revoked White's probation and sentenced him to eighteen months imprisonment.
 
 
 4
 In lieu of bringing an appeal, White filed two post-conviction motions, one under Fed.R.Crim.P. 35, and the other under 28 U.S.C. § 2255, challenging the revocation of his probation. It is from the denial of the latter § 2255 motion to vacate that White now appeals without the aid of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment denying White relief. White has waived his right to challenge the revocation of his probation by not bringing a direct appeal therefrom, and by failing to show adequate cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984). Counsel appears to have rendered adequate services, and prejudice is not even colorably apparent especially given White's admission to having violated the terms of his probation. White's arguments challenging his probation revocation are totally without merit. Finally, his argument regarding a parole board decision is not properly before us, as it is raised for the first time on appeal, and is asserted prior to the exhaustion of his administrative remedies.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio sitting by designation