996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Thomas MARTIN; Gerald Miller, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2299.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Michael Thomas Martin and Gerald Miller, pro se federal prisoners, appeal district court orders denying their motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Martin and Miller each pleaded guilty to one count of armed bank robbery, one count of attempted bank robbery, and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 2113(a) and (d), and 18 U.S.C. § 924(c). On July 10, 1991, Martin was sentenced to two concurrent terms of 105 months for the bank robbery counts, and a mandatory consecutive term of 60 months for the firearm count. Miller was similarly sentenced to 87 months plus 60 months. Both defendants were also sentenced to three years supervised release. Neither defendant filed a direct appeal.
 
 
 4
 In their motion to vacate, Martin and Miller raised three grounds for relief: (1) their five-year consecutive sentences imposed in addition to their enhanced sentences for armed bank robbery violated the Double Jeopardy Clause; (2) they received ineffective assistance of counsel because their attorneys failed to advise them of their right not to be prosecuted under § 924(c) in addition to armed bank robbery; and (3) their guilty pleas were not knowing or voluntary because they constituted double jeopardy. The district court denied the motion to vacate in separate orders filed on September 17, 1992. The district court found that Congress expressly authorized cumulative punishments in cases such as the petitioners' pursuant to its amendment of § 924(c) in the Comprehensive Crime Control Act of 1984. Thus, there was no violation of the Double Jeopardy Clause.
 
 
 5
 On appeal, the petitioners argue that "Congress cannot legislate around a constitutional amendment right as interpreted by the U.S. Supreme Court." They have filed a motion to proceed in forma pauperis on appeal.
 
 
 6
 Upon review, we affirm the district court's orders because the petitioners have not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 All three of the petitioners' arguments before the district court relied upon the basic premise that the petitioners were subjected to double jeopardy by being punished twice for a single use of a firearm during a bank robbery. Neither Martin nor Miller presented their double jeopardy issue at their plea or sentencing proceedings or on direct appeal. Under the law of this circuit, a party's failure to raise an issue at an earlier opportunity constitutes a waiver of that issue. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). The Supreme Court has held that such a claim is barred from collateral review on the merits unless the petitioner establishes cause and actual prejudice. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989) (per curiam).
 
 
 8
 Martin and Miller have not alleged cause that would excuse their failure to raise the double jeopardy issue on direct appeal. Furthermore, they cannot establish actual prejudice for the reason stated by the district court: their basic premise is simply incorrect. See Missouri v. Hunter, 459 U.S. 359, 366 (1983); United States v. Moore, 917 F.2d 215, 229-30 (6th Cir.1990), cert. denied, 111 S.Ct. 1590 (1991).
 
 
 9
 Because the double jeopardy issue itself lacks merit, the petitioners' ineffective assistance of counsel and invalid guilty plea issues are likewise meritless.
 
 
 10
 Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of this review only. The district court's orders, entered September 23, 1992, are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation