57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Anthony Scott JORDAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-4258.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and SIMPSON, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Anthony Scott Jordan pleaded guilty to three counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) & (d). The district court sentenced Jordan to 100 months of imprisonment (guideline range 100-125 months) and three years of supervised release. Jordan did not appeal his conviction and sentence. Jordan filed his first pro se motion to vacate sentence on December 11, 1992. In that motion, Jordan claimed that he should be allowed to benefit retroactively from an amendment to the sentencing guidelines that increased the downward departure adjustment for acceptance of responsibility. The magistrate judge recommended that the motion be denied, and the district court adopted the report and recommendation without objection from Jordan. Jordan filed the immediate motion to vacate sentence on May 9, 1994. In his second motion to vacate sentence, Jordan claimed that he should have been charged with unarmed, not armed bank robbery, and that his offense level calculation should not have been adjusted upward by two points because he did not recall making any threats to the bank tellers. The district court dismissed the motion because it was successive and because the issue raised in the second motion was an issue that could have been raised on direct appeal.
 
 
 4
 In his timely appeal, Jordan reasserts the claims he set forth in his second motion to vacate sentence.
 
 
 5
 In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Jordan's claims are barred. He argued that he should have been charged with unarmed bank robbery and that his offense level should not have been adjusted upward by two points. The claims are barred because they could have been but were not raised on direct appeal. The court does not review such claims unless Jordan shows cause and prejudice for his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Jordan has not shown cause for his failure to raise his claims on direct appeal and none appears on review of the record. Even if one assumes "cause," Jordan was not prejudiced because his claims are meritless.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, Chief United States District Judge for the Western District of Kentucky, sitting by designation