81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon LAWSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3883.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1996.
 
 Before: LIVELY, MARTIN and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Vernon Lawson appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Lawson pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(a) and 846. The district court sentenced Lawson to 150 months of imprisonment. Lawson did not file a direct appeal.
 
 
 3
 Lawson filed a motion to vacate sentence, alleging that: 1) the indictment did not state an offense because implementing regulations had not been promulgated for 21 U.S.C. §§ 841 and 846; 2) the indictment was invalid because it was not signed by the United States Attorney and the grand jury either did not vote on the indictment or returned a negative vote; 3) he received ineffective assistance of counsel because counsel did not raise the above issues; and 4) the United States lacked jurisdiction over him due to the doctrine set forth in Clearfield Trust Co. v. United States, 318 U.S. 363, 369 (1943). The district court determined that Lawson's claims were without merit and denied the motion. Lawson has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Lawson's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 5
 Initially, we note that Lawson does not argue on appeal that the United States lacked jurisdiction over him under the Clearfield Trust doctrine. Consequently, this claim is considered abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Lawson is barred from seeking relief on the first two claims presented in his motion to vacate because he did not raise them in a direct appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Lawson demonstrates cause and actual prejudice to excuse his failure to raise the claims previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Lawson has not argued cause to excuse his failure to raise these claims in a direct appeal from his conviction.
 
 
 7
 Nor has he shown prejudice because these claims are without merit. The Attorney General is not required to promulgate regulations in order to render 21 U.S.C. §§ 841 and 846 effective. Further, the signature of an Assistant United States Attorney on an indictment is sufficient to indicate that the United States Attorney agrees with the action taken by the grand jury. United States v. Walls, 577 F.2d 690, 696 (9th Cir.), cert. denied, 439 U.S. 893 (1978). Lawson has not presented any evidence in support of his claim that the grand jury either did not vote on the indictment or returned a negative vote. His mere speculation is insufficient to warrant § 2255 relief. See, e.g., United States v. Breitkreutz, 977 F.2d 214, 217 (6th Cir.1992) (the defendant has the burden of demonstrating abuse of process as a presumption of regularity attaches to grand jury proceedings); United States v. Castro, 908 F.2d 85, 89 (6th Cir.1990) (the defendant's bare allegations of government misconduct before the grand jury do not make the required showing of prosecutorial misconduct).
 
 
 8
 We also conclude that Lawson did not receive ineffective assistance of counsel. He was not prejudiced by any failure of his counsel to raise these claims because the claims are without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Lastly, Lawson argues for the first time in his reply brief on appeal that his conviction violated the Double Jeopardy Clause. As Lawson did not raise this issue in the district court and no exceptional circumstances are present, we decline to address in the first instance on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.