86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald ARNOLD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2058.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1996.
 
 1
 Before: RYAN and NORRIS, Circuit Judges; DOWD, District Judge.*
 
 ORDER
 
 2
 Ronald Arnold appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, a jury convicted Arnold of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and the district court sentenced Arnold to 14 years of imprisonment. On direct appeal, this court affirmed his conviction and sentence. United States v. Maddox, 944 F.2d 1223 (6th Cir.1991), as amended on denial of rehearing, 12 F.3d 599 (6th Cir.1993), cert. denied, 114 S.Ct. 1328 (1994).
 
 
 4
 Arnold then filed a motion to vacate sentence, alleging that: 1) the district court improperly sentenced him for conduct committed prior to his eighteenth birthday; and 2) newly discovered evidence revealed that he was not involved in the conspiracy after his eighteenth birthday. Arnold subsequently filed a supplemental pleading in which he raised two additional issues: 3) the district court did not comply with the requirements of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5032, in convicting him; and 4) the district court improperly calculated the cocaine attributable to him as relevant conduct under the Sentencing Guidelines. The district court concluded that his claims were without merit and denied the motion. Arnold has filed a timely appeal, in which he requests permission to proceed in forma pauperis.
 
 
 5
 Upon review, we conclude that the district court properly denied Arnold's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994).
 
 
 6
 Arnold does not raise on appeal his claim regarding newly discovered evidence. Consequently, this claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 7
 Further, Arnold is barred from seeking relief on his remaining claims because he did not raise them in his direct criminal appeal. It is noted that Arnold previously raised his claim that the district court improperly sentenced him for conduct committed prior to his eighteenth birthday in a rehearing petition before this court during his direct criminal appeal. However, the issue was not properly raised in that petition. Cf. United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.) (the court will not consider issues which are raised for the first time on appeal in a party's reply brief), cert. denied, 114 S.Ct. 279 (1993). As Arnold's claims could have been but were not raised on direct appeal, they may not be reviewed under § 2255 unless Arnold demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Arnold has not argued cause to excuse his failure to raise these claims in his direct criminal appeal. Further, he suffered no prejudice because his claims are without merit.
 
 
 8
 Since Arnold continued participating in the conspiracy to distribute cocaine after his eighteenth birthday, the requirements of the Federal Juvenile Delinquency Act did not apply. United States v. Wong, 40 F.3d 1347, 1365-66 (2d Cir.1994), cert. denied, 115 S.Ct. 1968 (1995); United States v. Doerr, 886 F.2d 944, 969 (7th Cir.1989). The district court properly relied on conduct Arnold committed before his eighteenth birthday in determining his relevant conduct under the Sentencing Guidelines. Arnold's last argument that the district court improperly calculated the cocaine attributable to him as relevant conduct is conclusory and without merit.
 
 
 9
 Accordingly, we grant Arnold in forma pauperis status for the limited purpose of review on appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation