89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward HANSERD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2092.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; ECHOLS, District Judge.*
 
 ORDER
 
 2
 Edward Hanserd appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Hanserd pleaded guilty to one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and two counts of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court sentenced Hanserd to forty years of imprisonment and five years of supervised release and imposed a $150 special assessment. On appeal, this court affirmed his conviction and sentence. United States v. Hanserd, No. 91-1577, 1993 WL 428907 (6th Cir. Oct. 21, 1993) (unpublished per curiam), cert. denied, 114 S.Ct. 1125 (1994).
 
 
 4
 Hanserd filed a motion to vacate sentence, alleging that his conviction violated the Double Jeopardy Clause because his criminal conviction followed the civil forfeiture of his property. The district court concluded that his claim was without merit and denied the motion. Hanserd has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Hanserd's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 Hanserd is barred from seeking relief on his claim because he did not raise his claim on direct appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Hanserd demonstrates cause and actual prejudice to excuse his failure to raise the claim previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Cause arguably exists as to Hanserd's claim because the issue is based on an intervening change in the law. See United States v. Callanan, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). However, Hanserd has not demonstrated actual prejudice because his claim is without merit.
 
 
 7
 Since Hanserd did not challenge the forfeiture of his property, his subsequent criminal conviction did not violate the Double Jeopardy Clause. United States v. Baird, 63 F.3d 1213, 1217-18 (3d Cir.1995), cert. denied, 116 S.Ct. 909 (1996); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995), petition for cert. filed (Feb. 13, 1996) (No. 95-7955); United States v. Penny, 60 F.3d 1257, 1261-62 (7th Cir.1995), cert. denied, 116 S.Ct. 931 (1996). Contrary to his assertions, Hanserd had sufficient notice of the forfeiture action to file a challenge to that action prior to the entry of default judgment.
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation