98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos Rafael HERNANDEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1350.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; MCKINLEY, District Judge.*
 
 ORDER
 
 2
 Carlos Rafael Hernandez appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, a jury convicted Hernandez of one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846 and one count of aiding and abetting the distribution of cocaine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The district court sentenced Hernandez to 240 months of imprisonment and ten years of supervised release. On appeal, this court affirmed Hernandez's conviction and sentence. United States v. Hernandez, 31 F.3d 354 (6th Cir.), cert. denied, 115 S.Ct. 285 (1994).
 
 
 4
 In 1995, Hernandez filed a motion to vacate sentence, alleging that: 1) his conviction violated the Double Jeopardy Clause because it followed the civil forfeiture of his property; and 2) his counsel rendered ineffective assistance because counsel did not raise his double jeopardy argument and counsel did not call certain witnesses at trial. Over Hernandez's objections, the district court adopted the magistrate judge's report and recommendation and denied Hernandez's motion. Hernandez has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Hernandez's motion to vacate sentence. In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Hernandez is barred from seeking relief on his double jeopardy claim because he did not raise this claim in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Hernandez demonstrates cause and actual prejudice to excuse his failure to raise the claim previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Hernandez argues that cause exists because his counsel did not raise the claim in his direct criminal appeal. Even if Hernandez has established cause, he has not demonstrated actual prejudice because his claim is without merit. Hernandez argues that his conviction violated the Double Jeopardy Clause because the government, in a prior civil proceeding, forfeited $3,249, which was seized at the time of Hernandez's arrest. While the Double Jeopardy Clause protects against multiple punishments for the same offense, Witte v. United States, 115 S.Ct. 2199, 2204 (1995), a prior civil forfeiture does not constitute punishment for double jeopardy purposes. United States v. Ursery, 116 S.Ct. 2135, 2142-48 (1996). Consequently, Hernandez's subsequent convictions did not impose multiple punishments against him in violation of the Double Jeopardy Clause.
 
 
 7
 While Hernandez's ineffective assistance of counsel claims are properly raised in his motion to vacate because such claims are generally not cognizable in a direct criminal appeal, see United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995), the record does not reflect that counsel's performance was deficient and that the deficient performance prejudiced Hernandez's defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation