104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl WIRGAU, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1046.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 
 
 1
 Carl Wirgau appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Wirgau pleaded guilty to conspiracy to possess and distribute drugs in violation of 21 U.S.C. § 846 and the district court sentenced him to seventy months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Wirgau, Nos. 94-1206, etc., 1995 WL 63225 (6th Cir. Feb. 14, 1995), cert. denied, 115 S.Ct. 2011 (1995).
 
 
 3
 In 1995, Wirgau filed his motion to vacate sentence, alleging that: 1) the district court improperly calculated the quantity of drugs utilized in determining Wirgau's Sentencing Guideline range; 2) the district court improperly determined the scope of the criminal activity in which he agreed to participate; 3) the district court improperly relied on unsubstantiated testimony in determining his sentence; 4) the drug statute under which he was convicted and sentenced is unconstitutional; 5) the district court improperly calculated his Guideline range based on D-methamphetamine rather than L-methamphetamine; and 6) his counsel rendered ineffective assistance by not raising his fifth issue at the time of sentencing. The district court determined that his claims were without merit and denied the motion. Wirgau has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Wirgau's § 2255 motion to vacate sentence. If relief is to be granted under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). If relief is to be granted under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).
 
 
 5
 We initially note that Wirgau raises on appeal only the fifth and sixth issues presented in his motion to vacate. Consequently, his remaining claims are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 6
 Wirgau is barred from seeking relief on his fifth claim because he did not raise it in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Wirgau demonstrates cause and actual prejudice to excuse his failure to raise the claim previously. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Wirgau has not demonstrated actual prejudice, because his claim is without merit. He has not shown that he trafficked in L-methamphetamine rather than D-methamphetamine. In any event, moreover, the district court's utilization of the drug equivalency table's calculations for D-methamphetamine in determining Wirgau's Sentencing Guideline range was not a fundamental defect resulting in a complete miscarriage of justice.
 
 
 7
 While Wirgau's ineffective assistance of counsel claim is properly raised in his motion to vacate, United States v. Allison, 59 F.3d 43, 47 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995), his argument is without merit because he has not shown that he was prejudiced by counsel's allegedly deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.