108 F.3d 1376
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary BOGDANOVICH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1648.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 E.D.Mich., No. 95-10355; Robert H. Cleland, Judge.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: BATCHELDER and COLE, Circuit Judges; SPIEGEL, District Judge.*
 
 ORDER
 
 4
 This pro se federal prisoner appeals a district court judgment denying her motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Mary Bogdanovich entered into a Fed.R.Crim.P. 11 agreement and pleaded guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841. The district court sentenced her to 18 months of imprisonment and three years of supervised release. Bogdanovich did not appeal her conviction and sentence. Before pleading guilty, Bogdanovich signed a quit claim deed, conveying her interest in real property to the United States, in response to a civil forfeiture complaint filed by the government. The complaint alleged that the property was used to facilitate the manufacture and distribution of marijuana.
 
 
 6
 In her motion to vacate sentence, Bogdanovich claimed that her criminal conviction, following the civil forfeiture of her house, violated the Double Jeopardy Clause. The district court denied Bogdanovich's motion because she did not raise the issue at trial or on direct appeal and procedurally defaulted the claim.
 
 
 7
 In her timely appeal, Bogdanovich reasserts the claim she set forth in the district court.
 
 
 8
 Bogdanovich's claim is barred because it could have been but was not raised on direct appeal. The court does not review such claims unless a petitioner shows cause and prejudice for his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 9
 Even if one assumes cause, Bogdanovich was not prejudiced because her claim is meritless. She claims that the civil forfeiture of her house constitutes "punishment" for double jeopardy purposes and that her subsequent criminal prosecution, therefore, violates the Double Jeopardy Clause. In rem civil forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S.Ct. 2135, 2142 (1996).
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation