12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip M. WOODY, Petitioner-Appellant,
v.
STATE OF TENNESSEE, Respondent-Appellee.
 No. 93-5511.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Phillip M. Woody, proceeding without benefit of counsel, appeals from a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Woody is a former Tennessee state prisoner who is presently incarcerated on federal charges. On September 7, 1971, petitioner pled guilty in state court to one count of attempt to commit a felony. He did not appeal his conviction. Nineteen years later, on December 3, 1990, he filed a pro se petition for post-conviction relief, alleging that his 1971 guilty plea was not voluntary or knowing under the standards set forth in Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 4
 The state trial court dismissed the petition without appointing counsel or granting a hearing, because the petition was barred by the three year statute of limitations. Tenn.Code Ann. Secs. 40-30-102 and 109. The Tennessee Court of Appeals affirmed the trial court decision, and the Tennessee Supreme Court denied petitioner's application to appeal.
 
 
 5
 On January 20, 1992, petitioner filed the instant petition for habeas relief, in which he argued that Tennessee's three year statute of limitations on the filing of post-conviction petitions violates the United States and Tennessee Constitutions. He also argued that Tenn.Code Ann. Sec. 40-30-102 does not allow the trial court to dismiss his petition without a hearing.
 
 
 6
 The district court ordered petitioner to show cause why the petition should not be dismissed on the basis of procedural default. Petitioner responded to the show cause order and reasserted that the Tennessee statute of limitations constituted an unlawful suspension of the writ of habeas corpus.
 
 
 7
 The district court held that petitioner procedurally defaulted by failing to file his state petition for post-conviction relief in a timely manner and that petitioner lacked cause for his state procedural default. Accordingly, the court dismissed the petition. Upon review, we find no error.
 
 
 8
 The cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding. United States v. Frady, 456 U.S. 152, 167-69 (1982); see also United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984). Looking to the last "reasoned" state judgment rejecting the federal claims presented, pursuant to Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991), we conclude that Tennessee provided an independent and adequate state ground for rejection of his claims, so the cause and prejudice standard of review is applicable to these claims. Harris v. Reed, 489 U.S. 255, 262-63 and 264 n. 10 (1989).
 
 
 9
 To excuse petitioner's failure to comply with the state statute of limitations, he must present a substantial reason for the default. A review of the record reveals no showing of cause for petitioner's default. The existence of "cause" for a procedural default must ordinarily turn on whether petitioner can show that some objective factor external to the defense impeded compliance with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The only reason petitioner offers to establish cause for not filing a state petition for post-conviction relief within the limitation period is "[t]he consequences of [his] [state court] conviction was [sic] not known to [him] until the federal court used the prior conviction to enhance the [his] sentence under the new federal sentencing guidlines [sic]." The petitioner's alleged ignorance of his state court conviction's effect on a subsequent federal sentence is not an "objective external factor" which impeded compliance with the state's procedural rule. Instead, his alleged ignorance is a subjective, internal factor, incapable of being measured. Furthermore, the Due Process Clause was not violated by the state statute because petitioner did receive a three year period in which to file his petition. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (right to counsel). Inasmuch as petitioner did not show "cause" as a matter of law, denial of an evidentiary hearing by the district court was not in error. See McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 10
 Petitioner's final argument is that the Tennessee statute of limitations does not apply to him because he did not directly appeal from his conviction. A question of state law rarely serves as a basis for habeas corpus relief. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). The statute provides that a petition must be brought within three years "of the date of the final action of the highest state appellate court to which an appeal is taken...." Tenn.Code Ann. Sec. 40-30-102. Petitioner argues that since he did not take an appeal from his conviction, the three years did not begin to run. This issue was raised and answered in the Tennessee Court of Appeals. The federal courts are bound by decisions of an intermediate state appellate court unless convinced that the highest state court would decide the issue differently. Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). We find no reason to believe that the Tennessee Supreme Court would hold differently.
 
 
 11
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation