52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Henry LYLES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3445.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 John Henry Lyles pleaded guilty to one count of being a felon in possession of firearms in violation of 18 U.S.C. Secs. 922(g)(i) and 924(a). He was sentenced in accordance with his written plea agreement to 48 months of incarceration. He did not appeal.
 
 
 4
 In his motion to vacate sentence, Lyles claimed that: 1) the district court improperly considered dismissed counts in determining his sentence; and 2) defense counsel rendered ineffective assistance. The district court denied the motion in an order filed on February 9, 1994.
 
 
 5
 In his timely appeal, Lyles requests the appointment of counsel and reasserts the same claims set forth in the district court.
 
 
 6
 Upon review, we conclude that the district court properly denied the motion to vacate sentence. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 7
 Lyle's claim challenging the calculation of his sentence is not even cognizable in this collateral proceeding as it could have been but was not raised on direct appeal. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Even if cognizable, the claim is reviewable only if Lyles can establish cause to excuse his failure to assert the claim on direct appeal and actual prejudice resulting therefrom. Reed, 114 S.Ct. at 2300; United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). No cause is argued or otherwise apparent from the record, and Lyles was not prejudiced because his claim is meritless.
 
 
 8
 In his first claim, Lyles contends that the district court erroneously enhanced his offense level by considering counts that had been dismissed as a part of the plea agreement. The dismissed counts were properly considered as relevant conduct. Under USSG Sec. 1B1.3(a)(2), other uncharged conduct may be considered when it is a part of the same course of conduct or common scheme or plan as the offense of conviction. Relevant conduct may include acquitted conduct, even if used to support an enhancement, United States v. August, 984 F.2d 705, 713 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993), and the sentencing court is not bound by any limitation expressed in a plea agreement regarding relevant conduct. United States v. Velez, 1 F.3d 386, 389 (6th Cir.1993). In Lyles's case, the conduct that was the subject of the dismissed counts was clearly a part of the same course of conduct occurring under the charged offense. After his arrest, Lyles confessed to purchasing 16 firearms on five different occasions. Lyles was indicted and charged with five counts of being a felon in possession of firearms. Each count in the indictment represented a firearms purchase. He entered into a written plea agreement whereby he agreed to plead guilty to one count; the remaining counts were dismissed. Lyles admitted that he was purchasing the guns for resale. Thus, the dismissed counts were part of the same course of conduct occurring under the charged offense. The claim is without merit.
 
 
 9
 In his second claim, Lyles claims that his attorney rendered ineffective assistance because he did not object to the use of relevant conduct in the calculation of his sentence. In order to establish ineffective assistance of counsel, Lyles must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). This court's review of counsel's performance is highly deferential. Id. at 689. Ultimately, the burden is on Lyles to show that his attorney's performance resulted in an actual breakdown of the adversarial process so as to deprive him of a fair proceeding. See United States v. Cronic, 466 U.S. 648, 657 (1984). Counsel's performance was not deficient, nor was Lyles prejudiced.
 
 
 10
 Defense counsel's performance was not deficient because the dismissed counts properly constituted relevant conduct for the purpose of sentence calculation. In a case involving possession of firearms, counts dismissed pursuant to a plea bargain may be considered in determining the base offense level under the guidelines. United States v. Partington, 21 F.3d 714, 717-18 (6th Cir.1994). For the reasons set out above, the dismissed counts were part of the same course of conduct to which Lyles pleaded guilty and were properly considered as relevant conduct for sentencing purposes.
 
 
 11
 Lyles was not prejudiced. Lyles was charged with five counts of possession of a firearm by a convicted felon. The record reveals that Lyles admitted making five firearms purchases. Two employees of the gun shop positively identified Lyles as the purchaser of the firearms. Notwithstanding the strength of the government's case on all five counts, defense counsel was able to negotiate an agreement whereby Lyles would plead to one count only. In addition, defense counsel was able to get the government to promise that no other charges would be brought against Lyles. Finally, defense counsel argued for, and received, a two point reduction for acceptance of responsibility, and counsel convinced the district court to sentence Lyles near the bottom of the sentencing range (Lyles was sentenced to 48 months in light of a 46-57 month sentencing range). Thus, the record clearly reveals that Lyles benefitted from counsel's efforts.
 
 
 12
 Accordingly, Lyles's request for the appointment of counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation