66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond E. MAYNOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6507.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1995.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner moves for the appointment of counsel and appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Raymond E. Maynor pleaded guilty to possession with intent to distribute 11 grams of cocaine and use of a firearm during and in relation to a drug trafficking crime. While on bail pending sentencing, Maynor was arrested with 13.9 grams of crack cocaine in his possession. Maynor and the government entered into a revised plea agreement, which was accepted by the district court and filed under seal. The district court sentenced Maynor to 150 months of imprisonment (78-97 months on the cocaine charges and a mandatory 60 month sentence on the firearm charge to be served consecutively). Maynor did not appeal his conviction and sentence. The judgment later was amended to 66 months on the cocaine charges, pursuant to the government's Fed.R.Crim.P. 35 motion, for a total sentence of 126 months of imprisonment.
 
 
 4
 In his motion to vacate sentence, Maynor claimed that: 1) the government did not comply with Fed.R.Crim.P. 32; 2) he received ineffective assistance of counsel; 3) the government breached the plea agreement; 4) his guilty plea was involuntary; and 5) the district court misapplied the sentencing guidelines. The district court dismissed the motion on its merits. In his timely appeal, Maynor reasserts the claims set forth in his motion to vacate.
 
 
 5
 In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11); Hill v. United States, 368 U.S. 424, 428-29 (1962) (technical violation of Rule 32 does not warrant relief); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Maynor's claims enumerated 1, 3, 4, and 5 are barred. These claims are barred because they could have been but were not raised on direct appeal. The court does not review such claims unless a petitioner shows cause and prejudice for his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Maynor has not shown cause for his failure to raise his claims on direct appeal and none appears on the record. Even if one assumes cause, Maynor was not prejudiced because his claims are meritless.
 
 
 7
 In his second, and only claim not precluded by the cause and prejudice analysis, Maynor argues that he received ineffective assistance of counsel because his attorney: 1) did not advise him of the severe penalties he faced by pleading guilty; 2) did not object to the inclusion of the 13.9 additional grams of crack cocaine into the base offense level; and 3) did not advise the court that he should receive a reduction for acceptance of responsibility and should receive a sentence in the lower one-third of the guideline range. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice in a guilty plea context, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Maynor has not satisfied either prong of the Strickland analysis.
 
 
 8
 Accordingly, the motion for the appointment of counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation